# United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 13-803V

* * * * * * * * * * * * * * * * * * * * * * * * *
|   |   |
|---|---|
| | * |
| MARGARET TURIANO, | * |
| | * |
| Petitioner, | * |
| | * |
| | * | Filed: September 22, 2014 |
| v. | * |
| | * | Damages Decision based on |
| SECRETARY OF HEALTH AND | * | Stipulation; influenza (flu) vaccine; |
| HUMAN SERVICES, | * | shoulder injury related to vaccine |
| | * | administration (SIRVA) |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Philadelphia, PA, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES AND ATTORNEYS' FEES[1]

On October 15, 2013, Margaret Turiano filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the influenza ("flu") vaccine on or about January 23, 2013.

On September 19, 2014, the parties filed a stipulation indicating that this case can be settled and that a decision should be entered awarding Petitioner compensation. As the

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10-34 (2006)) [hereinafter "Vaccine Act" or the Act"]. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

stipulation indicates, the parties agree that Petitioner suffered a SIRVA from the administration of the flu vaccine. Likewise, the parties agree that there is not a preponderance of evidence demonstrating that Petitioner's condition is due to a factor unrelated to her January 23, 2013 vaccination. The other elements of eligibility for compensation have also been established. *See* 42 U.S.C. § 300aa—11(c), 13. Consequently, the stipulation states that "[P]etitioner is entitled to compensation." Stipulation ¶ 8.

The stipulation also indicated that the parties had reached an agreement regarding attorneys' fees and costs. The stipulation laid out the amount of compensation that should be awarded to Petitioner's attorney in a check made payable jointly to Petitioner and Petitioner's counsel. It also indicated that no out-of-pocket litigation related costs had been incurred by Petitioner.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

> A lump sum of $80,000.00, in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

> A lump sum of $15,500.00, in the form of a check payable jointly to Petitioner and Petitioner's attorney, Paul R. Brazil, for attorneys' fees and costs available under 42 U.S .C. § 300aa-15(e). In compliance with General Order #9, Petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.

Stipulation ¶ 9.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner, and (with respect to the attorneys' fees requested) to Petitioner and Petitioner's counsel. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by both (either separately or jointly) filing a notice renouncing their right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

MARGARET TURIANO, )
)
     Petitioner, )
)
v. ) No. 13-803V
) Special Master Corcoran
SECRETARY OF HEALTH AND HUMAN ) ECF
SERVICES, )
)
     Respondent. )
)

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu vaccination on or about January 23, 2013.

3. The vaccine was administered within the United States.

4. Petitioner suffered a shoulder injury related to vaccine administration (SIRVA). This includes, but is not limited to, petitioner's tendinosis and adhesive capsulitis.

5. Petitioner experienced the residual effects of her injury for more than six months.

6. There is not a preponderance of evidence demonstrating that petitioner's condition is due to a factor unrelated to vaccination.

7. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

8. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for her SIRVA. Therefore, a decision should be entered awarding the compensation described in Paragraph 9 of this stipulation.

9. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $80,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a); and

    b.    A lump sum of $15,500.00 in the form of a check payable jointly to petitioner and petitioner's attorney, Paul R. Brazil, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

2

13. In return for the payments described in paragraph 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about January 23, 2013 as alleged by petitioner in a petition for vaccine compensation filed on or about October 15, 2013, in the United States Court of Federal Claims as petition No. 13-798V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties'

3

respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

*Margaret Turiano*

MARGARET TURIANO

ATTORNEY OF RECORD FOR
PETITIONER:

PAUL R. BRAZIL
Muller Brazil
2401 Pennsylvania Ave.
Suite 1C-44
Philadelphia, PA 19130
(215) 259-8662

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., F.A.A.P.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: **9/19/2014**

ATTORNEY OF RECORD FOR
RESPONDENT:

TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-1589
traci.patton@usdoj.gov

5